UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ORREN DAWES,<br><br>                                Plaintiff,<br><br>v.<br><br>THE PEOPLE,<br><br>                              Defendant. | Case No.: 19cv1921-CAB-BGS<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On October 2, 2019, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241. [Doc. No. 1.] Petitioner did not pay the filing fee and did not file a motion to proceed *in forma pauperis*.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee or move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

### **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2241 is not the proper vehicle for the claims Petitioner presents. Petitioner claims he is a pretrial detainee in the San Diego County Jail, but he also appears to be challenging an administrative decision rendered at a county

jail facility having to do with Petitioner being involuntarily medicated for the last two years. [Doc. No. 1 at 2.] The allegations in this Petition appear to relate to conditions of confinement rather than any constitutional claims that may affect the duration of his confinement.[1]

Petitioner's claims are not cognizable on habeas review. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 or § 2241; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, *see Preiser* v. *Rodriguez,* 411 U.S. 475, 500 (1973), or pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the "federal analogue" to § 1983. *Hartman* v. *Moore,* 547 U.S. 250, 254, 255 n.2 (2006). Although the Ninth Circuit has stated that "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court," *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (emphasis added), general conditions of confinement claims are not cognizable under § 2241. *See Wright v. Shartle*, 699 Fed.Appx. 733 (9th Cir. 2017) (finding claims that BOP officials unconstitutionally seized mail and imposed sanctions of loss of phone, visitation, and email correspondence privileges are not cognizable under § 2241 and should instead be brought in a civil rights action). Here, it appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2241.

/ / / / /

/ / / / /

---

[1] The Court notes that Petitioner has two other habeas cases pending in this Court: (1) Case No. 19cv1920-LAB-AGS (28 U.S.C. §2254) and (2) Case No. 19cv1524-AJB-NLS (28 U.S.C. §2241).

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case without prejudice to being refiled **with a new case number** pursuant to 42 U.S.C. §1983. The Clerk of Court shall provide Petitioner with a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983." The Clerk of Court shall **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 4, 2019

Hon. Cathy Ann Bencivengo
United States District Judge